UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No.

$50,830 IN U.S. CURRENCY,

    Defendant.

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

### NATURE OF THE ACTION

1.     This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $50,830 in United States currency seized from Sean Zentmeyer (Defendant Funds).

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

…
…
…

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

 a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

 b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of approximately $50,830 in United States currency that was seized from Sean Zentmeyer (Zentmeyer) on February 20, 2019 at the Tampa International Airport by law enforcement officers who determined that there was probable cause to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

6.  Homeland Security Investigations (HSI) took custody of the Defendant Funds, and the funds remain in the custody of the United States. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7.  The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.  The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by HSI Task Force Officer Daniel Stewart, who states as follows.

9.  On February 20, 2019, Zentmeyer was ticketed to fly on American Airlines flight 1676 from Tampa, Florida to San Diego, California. Based upon Officer Stewart's training and experience, he knows California to be a source state for marijuana.

10. Prior to his flight, the Transportation Security Administration discovered a large amount of currency in Zentmeyer's carry-on bag as he went through the screening process at the security checkpoint. The information was passed on to law enforcement.

11. Zentmeyer voluntarily agreed to speak with law enforcement officers.

12. During the interview, Zentmeyer told agents that he was travelling with $20,000.00 to purchase a 1950 truck advertised on Craigslist. When asked about the vehicle, Zentmeyer attempted to search for the Craigslist ad on his smartphone but could not find it. Nor did Zentmeyer have the address or phone number of the seller of the vehicle. According to Zentmeyer, he frequently traveled with large amounts of currency because he operated a "cash business." Zentmeyer also volunteered that he was unemployed. Zentmeyer later admitted that he was in the business of selling marijuana in California, and that the currency with which he was travelling was proceeds from the sale of marijuana "smoke pens" in California.

13. Zentmeyer admitted that he did not own a marijuana dispensary, nor did he possess a license to sell marijuana in California or any other state. Despite this, Zentmeyer claimed that his marijuana business was legitimate.

14. The currency, which was later determined to be $50,830.00, consisted of the following denominations: 8 five-dollar bills; 32 ten-dollar bills; 1,721 twenty-dollar bills; 151 fifty-dollar bills; and 85 one hundred-dollar bills.

15. A properly trained narcotics detection dog, positively alerted to the presence of the odor of drugs on the Defendant Funds. Based on the foregoing, HSI seized the currency. Individuals who handle controlled substances often get traces of the substances on their hands and clothing. These trace amounts of a controlled substance can easily be spread to other items the individual touches such as currency. A positive alert to U.S. currency by a properly trained dog indicates that the currency had either been handled by someone who had trace amounts of a controlled substance on their hands, or the currency had recently been in close proximity to a controlled substance.

16. Zentmeyer's has a controlled substance offense criminal history.

## CONCLUSION

Based on the aforementioned facts, sufficient probable cause exists to believe that the Defendant Funds are: 1) money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled

Substances Act. Thus, the Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff United States of America requests that this Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(1), initiate a process of forfeiture against the Defendant Funds, and duly notice all interested parties to appear and show cause why the forfeiture should not be decreed. The United States further requests the Court order the Defendant Funds forfeited to the United States for disposition according to law and grant the United States such further relief as this case may require.

Dated: August 5, 2019   Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

_____
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## VERIFICATION

I, Daniel Stewart, hereby verify and declare under penalty of perjury, that I am a Task Force Officer with Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI), and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of August, 2019.

_____
Daniel Stewart
Task Force Officer
Homeland Security Investigations

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$50,830 IN U.S. CURRENCY

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA James A. Muench, U.S. Attorney's Office
400 N. Tampa Street, Ste 3200, Tampa, FL 33602
(813) 274-6000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)

Brief description of cause:
Government seeks forfeiture of U.S. Currency

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 08/05/2019
SIGNATURE OF ATTORNEY OF RECORD: s/James A. Muench

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.